IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS A. ORDONEZ-LOPEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-470-KC |
| U.S. DEPARTMENT OF HOMELAND SECURITY et al., | § § § § | |
| Respondents. | § § | |

### SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Carlos A. Ordonez-Lopez's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. The Court **ORDERS** that Respondents show cause as to why the petition should not be granted and that **Respondents may not remove Ordonez-Lopez from the United States or transfer him from this Division and District until further order**.

I. BACKGROUND

Ordonez-Lopez is a Guatemalan citizen who has resided in the United States since October of 2007. Pet. ¶¶ 18, 46; Pet. Ex. 3 ("DHS Form I-213"), ECF No. 1-1. On October 8, 2021, Ordonez-Lopez applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Pet. ¶ 47. On November 20, 2023, Ordonez-Lopez received a Notice to Appear before an Immigration Judge ("IJ") and was paroled or otherwise permitted to remain at liberty while his asylum application remains pending. *Id.* ¶¶ 48, 59. Ordonez-Lopez has a valid employment authorization permit, and was working as a painter in Stuart, Florida during this time. *Id.* ¶ 60. As part of his routine check-ins with Immigration and

Customs Enforcement ("ICE"), Ordonez-Lopez reported to the ICE field office in Stuart, Florida on August 19, 2025. *Id.* ¶ 49. There, ICE detained him "pursuant to a DHS arrest warrant." *Id.* Ordonez-Lopez was initially detained at the "Alligator Alcatraz" detention facility in Miami, Florida, and subsequently transferred to the El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 50. Ordonez-Lopez requested a bond hearing before an IJ, and he received one on September 5. *Id.* ¶¶ 51–52.

The IJ found that Ordonez-Lopez was not a flight risk or a danger to the community and granted him a bond for $2,000. *Id.* ¶ 52. ICE filed a notice of intent to appeal and a motion to reconsider based on the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*. *Id.* ¶¶ 53–54. Based on the motion to reconsider, the IJ issued two amended orders denying Ordonez-Lopez bond for lack of jurisdiction. *Id.* ¶ 55.

Ordonez-Lopez then filed this Petition seeking his release from immigration custody or a bond hearing, arguing his detention violates the Immigration and Nationality Act, agency bond regulations, and due process. *Id.* at 13–15.

## II.   DISCUSSION

### A.   Show Cause

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." 28 U.S.C. § 2243. A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Ordonez-Lopez the relief he seeks. Respondents are ordered to show cause by October 31, 2025.

B.   **Transfer from District or Deportation**

Ordonez-Lopez asks the Court to order that he "shall not be transferred outside the Western District of Texas while this habeas petition is pending." Pet. 15. Ordonez-Lopez was initially detained at the "Alligator Alcatraz" facility in Miami, Florida, and then transferred to El Paso Camp East Montana, in El Paso, Texas. *Id.* ¶ 50. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court can prevent

Respondents from moving Ordonez-Lopez again. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). Many courts, including this one, have prevented immigration habeas petitioners' removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

To ensure the Court's ability to meaningfully address Ordonez-Lopez's claim, the Court finds it necessary to do the same here. This Order is not issued as a TRO but instead under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). Accordingly, Respondents may not transfer Ordonez-Lopez out of the El Paso Division of the Western District of Texas or remove him from the country during the pendency of this case.

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

## III.  CONCLUSION

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **no later than October 31, 2025**, why the application for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that Ordonez-Lopez may file a reply in support of his Petition by **no later than November 7, 2025**.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Ordonez-Lopez from the United States, or (2) transfer Ordonez-Lopez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise.

**SO ORDERED**.

**SIGNED this 17th day of October, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE